IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY ELIJAH HIGTHOWER   )
                            )
    v.                      )    NO. 3:11-0235
                            )
UNITED STATES OF AMERICA    )

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered March 15, 2011 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 30) filed by the United States of America. See Docket Entry No. 30. Also before the Court are the plaintiff's several filings in opposition to the motion to dismiss (Docket Entry Nos. 33, 36, and 41-44), and the defendant's supplemental filings (Docket Entry Nos. 45-46). Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

The following background facts have been gleaned from the record in this action. The plaintiff is a Kentucky resident who has a lengthy history of receiving medical treatment at the

U.S. Department of Veterans Affairs ("VA") Hospital in Nashville, Tennessee. During 1992, he was prescribed high doses of nonsteroidal anti-inflammatory pills by VA medical care providers as treatment for back pain. On July 26, 1992, he had an emergency, exploratory laparotomy after complaining of abdominal pain and was found to have a perforated duodenal ulcer, which was repaired during the surgery. In 1996, the plaintiff underwent an endoscopy which revealed gastric ulcers, a duodenal bulb ulcer, and duodenitis. Over the next several years, the plaintiff treated his gastro-intestinal problems with prescribed medications from VA providers and with over-the-counter medications and by drinking buttermilk. In November 2006, he sought treatment for pain he was experiencing in the area of the 1992 surgery and was diagnosed with an incisional hernia. During the next two years, the plaintiff met with VA medical care providers several times regarding repair of the hernia but was not provided with a treatment recommendation that was satisfactory to him. He alleges that on November 20, 2008, he met with a patient advocate at the VA and was given a SF-95 form to be used for a claim against the VA. He asserts that this was the first time he was aware of such a form.

The plaintiff filed an administrative claim with the VA on February 9, 2009,[1] alleging that he was given excessive dosages of Ibuprofen in 1992, which caused the perforated ulcer that was repaired by emergency surgery in July 1992, and that his current hernia is an ongoing consequence of the 1992 surgery. See Docket Entry No. 1-1, at 7; Docket Entry No. 31-1. The VA initially denied his claim on September 30, 2009, see Docket Entry No. 31-2, and issued a final decision

---

[1] The plaintiff put the date of "2-2-08" on the claim form. However, both parties agree that the claim was filed on February 9, 2009, and that the form was incorrectly dated. See Docket Entry No. 31, at 2; Docket Entry No. 33, at 2.

denying the claim on September 21, 2010, after the plaintiff requested reconsideration of the initial denial. See Docket Entry No. 31-4.

It appears that sometime in January 2006, the plaintiff sought disability benefits from the VA and was ultimately awarded benefits for peptic ulcer disease, a residual scar from the 1992 surgery, the incisional hernia, and his status post-gastric perforation repair, as well as for a mood disorder (depression) related to these medical conditions.

On March 14, 2011, the plaintiff filed the instant action pro se asserting federal jurisdiction under 28 U.S. C. § 1346 and setting out a claim against the United States of America ("United States") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., based on allegations of negligent medical care by employees of the VA related to the 1992 surgery and seeking compensation for his ongoing medical problems concerning the need for repair of the incisional hernia. See Docket Entry No. 1.

## II. MOTION TO DISMISS

The United States seeks dismissal of the action under Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing that the Court lacks subject matter jurisdiction under the FTCA because the plaintiff's claim is barred by Tennessee's three year statute of repose for medical malpractice actions that is set out in Tenn. Code Ann. § 29-26-116 and because the plaintiff's administrative claim was not filed within two years of the date of the "accident" which gave rise to the claim as is required by 28 U.S.C. § 2401(b). See Docket Entry No. 30, at 1. The United States argues that the negligent act alleged by the plaintiff occurred in 1992, yet the plaintiff's administrative claim was not filed until February 8, 2009, well beyond the applicable limitations periods.

3

## III. STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

## IV. ANALYSIS

The FTCA provides the exclusive remedy for recovery against the United States for common law torts committed by federal employees and confers jurisdiction on district courts over civil actions for injury caused by negligent or wrongful acts of Government employees acting within the scope of their employment, under circumstances where the United States, if a private person, would be liable. 28 U.S.C. § 1346(b)(1). The FTCA adopts the substantive law of the state in which the alleged tortious act or omission occurred. Id.; Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991); Ward v. United States, 838 F.2d 182, 184 (6th Cir. 1988). Because the alleged negligent acts giving rise to the plaintiff's claim occurred in Tennessee, Tennessee substantive law applies and

4

the United States will be liable in the instant action only if a private individual would be liable under Tennessee's substantive law.

With respect to claims of medical malpractice, Tennessee law establishes a three year statute of repose. The statute of repose provides that:

> In no event shall such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

Tenn. Code. Ann. § 29-26-116(a)(3); Harrison v. Schrader, 569 S.W.2d 822, 824 (Tenn. 1978). Whereas a statute of limitations bars commencement of a legal action after a time period from accrual of the cause of action, the statute of repose places an absolute limit on the time a legal action must be commenced regardless of the date of accrual of the cause of action. Calaway ex rel. Calaway v. Schucker, 193 S.W.3d 509, 515 (Tenn. 2005). See also In re Estate of Davis, 308 S.W.3d 832, 837-38 (Tenn. 2010).

As this Court recently held in another action in which a plaintiff brought a medical malpractice claim under the FTCA against the VA based on allegations of negligence by VA employees:

> Under Tennessee law, the statute of limitations in malpractice actions is one year, but "in no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant." Tenn. Code Ann. § 29–26–116(a). This statute of repose sets an absolute limit on the time in which a plaintiff may bring a medical malpractice action. Mills v. Wong, 155 S.W.3d 916, 920 (Tenn. 2005). A statute of repose, unlike a statute of limitations, creates a substantive right to be free of liability after the specified time. Smith v. United States, 2001 WL 1533432 at * 1 (5th Cir. April 22, 2011). The statute of repose is not subject to tolling and provides the applicable substantive law in the case. Id.; see also Mills, 155 S.W.3d at 920.

Huddleston v. U.S., 2011 WL 2489995, *2 (M.D. Tenn., June 22, 2011) (Campbell, C.J.) (footnotes omitted).

Accordingly, if the Tennessee statute of repose would bar the plaintiff's claim if brought against a private individual, then his claim against the United States must be dismissed. The general rule is that the statute of repose begins to run on the date of the allegedly negligent act, rather than upon discovery of the injury. Benton v. Snyder, 825 S.W.2d 409, 413 (Tenn. 1992). "The time of discovery of the injury, or the basis for the medical malpractice claim, is not relevant because the statute operates to bar an action based solely upon the date of the act or omission giving rise to the malpractice claim, regardless of when the action accrued." Tigrett v. Linn, 2010 WL 1240745, *4 (Tenn. Ct. App. Mar. 31, 2010) (citing Calaway, 193 S.W.3d at 515).

In the instant action, the alleged negligent actions of VA medical providers in prescribing the plaintiff excessive dosages of medication which led to his gastro-intestinal problems occurred in 1992. However, the plaintiff did not file his medical malpractice claim until nearly two decades after the negligent conduct occurred. Accordingly, the claims are presumptively barred by the Tennessee statute of repose.

Although the plaintiff did not expressly address it, his response in opposition to the motion to dismiss can be liberally construed as asserting that his medical malpractice claim was fraudulently concealed by the Defendant and, thus, falls within the limited exception to the statute of repose. To utilize the fraudulent concealment exception to the three-year statute of repose, a plaintiff must prove:

> (1) the health care provider took affirmative action to conceal the wrongdoing or remained silent and failed to disclose material facts despite a duty to do so, (2) the plaintiff could not have discovered the wrong despite exercising reasonable care and diligence, (3) the health care provider knew of facts giving rise to the cause of action

6

and, (4) a concealment, which may consist of the defendant withholding material information, making use of some device to mislead the plaintiff, or simply remaining silent and failing to disclose material facts when there was a duty to speak.

Shadrick v. Coker, 963 S.W.2d 726, 736 (Tenn. 1998). The plaintiff alleges that VA physicians whom he questioned about his surgery were evasive with him, were "covering it up," and merely referred him to other medical staff. See Docket Entry No. 44, at ¶¶ 12-13; Docket Entry No.43, at ¶¶ 5-8. Even if true, however, the plaintiff has not shown that he could not have discovered the alleged wrong at any time over the next several years with the exercise of reasonable care and diligence as is required for a showing of fraudulent concealment.

Furthermore, even if the Court gives the plaintiff the most generous reading of the facts and assumes for the purposes of this motion that the plaintiff could set forth evidence raising a genuine issue of material fact on the issue of fraudulent concealment, he still pursued his claim too late. The plaintiff acknowledges that in June 2007, he had information that the medication prescribed in 1992 was likely the cause of the perforated ulcer that led to his surgery and that the VA was at fault. See Docket Entry No. 44, at ¶¶ 18 and 20; Docket Entry No. 43, at ¶ 4. Even if the plaintiff were successful in establishing fraudulent concealment under the statute of repose, the plaintiff had one year from that time within which to file his claim. However, even assuming for the purposes of this motion that the statute of repose could be tolled by the filing of an administrative claim, the plaintiff did not even initiate his administrative claim until February 8, 2009, well beyond the one year fraudulent concealment safety net.

The plaintiff asserts that he was not given a SF-95 form with which to file an administrative claim against the VA until November 20, 2008, and that this event should be the triggering date for when he needed to file his claim. The Court disagrees. The plaintiff was clearly aware no later than

7

June 13, 2007, that he had a potential cause of action for negligence against the VA. There is simply no basis for negating the effect of the statute of repose based upon the plaintiff's lack of knowledge about the legal mechanisms by which he could pursue his cause of action.

The plaintiff also appears to argue that the "continuing treatment" doctrine should apply to his case. See Docket Entry No. 43, at 1, and Docket Entry Nos. 41 and 42. However, Tennessee law no longer recognizes the continuing medical treatment doctrine since the doctrine was abrogated by the adoption of the discovery rule for medical malpractice actions. See Stanbury v. Bacardi, 953 S.W.2d 671, 676-77 (Tenn. 1997). To the extent that the plaintiff argues that law other than Tennessee law should apply to his action because of the doctrine of Lex Loci Delicti, see Docket Entry No. 41, at 3, his argument is simply incorrect. The alleged negligent act at issue undisputedly occurred in Tennessee, and Tennessee substantive law clearly applies. This conclusion is not affected by the fact that the plaintiff received medical treatment in Kentucky on some occasions or by the fact that a VA office in Louisville, Kentucky was involved in determining the plaintiff's application for disability benefits.

Although the Court sympathizes with the plaintiff and understands why he would be frustrated with his current medical situation, the Court nonetheless finds merit to the United States' argument that the statute of repose requires dismissal of the plaintiff's lawsuit. The rule applies despite the harsh consequences that result to the plaintiff. See Benton, 825 S.W.2d at 413. Because the Court finds that this action must be dismissed under the Tennessee statute of repose, it is not necessary to address the United States' alternative argument for dismissal based upon the FTCA statute of limitations.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully recommends that the motion of the United States of America to dismiss the action (Docket Entry No. 30) be GRANTED and this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge